# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

CHARLES CHATMAN,

                        Petitioner,

v.

RAYMOND MADDEN, Warden,

                        Respondent.

Case No.: 3:18-cv-00441-H-MDD

**ORDER:**

  **(1) DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**

  **(2) DISMISSING PETITION FOR FAILURE TO PAY THE FILING FEE**

[Doc. Nos. 1, 2.]

    On February 26, 2018, Petitioner Charles Chatman filed what purports to be a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Chatman is a California inmate incarcerated at Centinela State Prison. The petition alleges that prison medical staff violated Chatman's Eighth and Fourteenth Amendment right to adequate medical care by improperly confiscating his orthopedic shoes and insoles. (Id.) Chatman has moved to proceed in forma pauperis in lieu of paying the filing fee. (Doc. No. 2.)

Chatman's petition and IFP motion are deficient in several respects. First, Chatman's claims are not cognizable in a federal habeas petition. In Nettles v. Grounds, the Ninth Circuit held "that a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." 830 F.3d 922, 927 (9th Cir. 2016) (en banc). A claim is not within the core of habeas corpus if success on the merits "would not necessarily lead to [the prisoner's] immediate or earlier release from confinement." Id. at 935. Chatman's petition seeks only access to medical care, (Doc. No. 1), and therefore falls outside of the core of habeas corpus and must be brought pursuant to 42 U.S.C. § 1983.

The Ninth Circuit has held "that a district court may construe a petition for habeas corpus to plead a cause of action under § 1983 after notifying and obtaining informed consent from the prisoner." Nettles, 830 F.3d at 936. However, this saving construction is only available if "the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief . . . ." Id. (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). Chatman has not sued the correct defendant; his petition alleges that Dr. S. Ho denied him adequate medical care, but he has instead sued Warden Raymond Madden, who was not involved with his treatment. (Doc. No. 1.) The Court therefore declines to convert the petition into a § 1983 complaint.

Furthermore, the Court will not permit Chatman to proceed in forma pauperis. Chatman's IFP application does not include a certified copy of his prison trust account statement showing transactions for the six-month period immediately preceding the filing of the petition as required by 28 U.S.C. § 1915(a)(2). The Court is therefore unable to determine whether Chatman is actually incapable of paying the filing fee.

Moreover, a review of Chatman's past litigation history shows that he is a serial litigant who has had three or more actions dismissed for failure to a state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . proceeding [IFP] if the prisoner has on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it . . . fails to state a claim

upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.") In Chatman v. Frazier, the Eastern District of California revoked Chatman's IFP status after determining that he had filed three actions that were dismissed for failure to state a claim. No. 2:13-cv-1605 KJM KJN P, 2016 WL 1267834, at *1 (E.D. Cal. March 31, 2016). The Court has reviewed the actions cited in the Frazier order—Chatman v. Adams, Case No. 1:07-cv-0902 AWI SMS, 2008 WL 1774111, at *2 (E.D. Cal. Apr. 16, 2008), aff'd 409 F. App'x 151 (9th Cir. 2011) (mem.), Chatman v. County of San Mateo, Case No. 3:08-cv-0050 MMC, 2008 WL 4067422, at *3 (N.D. Cal. Aug. 28, 2008), aff'd 357 F. App'x 874 (9th Cir. 2009), and Chatman v. Horsley, Case No. 3:00-cv-01807 MMC (N.D. Cal. May 19, 2000)—and determines that each of those actions are properly counted as strikes within the meaning of § 1915(g). Chatman v. Adams and Chatman v. County of San Mateo were dismissed on statute of limitations grounds, and thus count as strikes pursuant to Belanus v. Clark, 796 F.3d 1021, 1030 (9th Cir. 2015). And Chatman v. Horsley was dismissed for failure to state a cognizable claim pursuant to 42 U.S.C. § 1983. Chatman is therefore ineligible for IFP status unless he can demonstrate that he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Accordingly, the Court dismisses Chatman's petition for failing to present a cognizable habeas claim and for failure to pay the filing fee. If Chatman wishes to re-assert his claims, he must bring them pursuant to 42 U.S.C. § 1983, and pay the $400 filing fee applicable to such claims.

**IT IS SO ORDERED.**

DATED: February 28, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT